AO 106 (Rev. 04/10) Application for a Search Warrant

UNITED STATES DISTRICT COURT

for the

Eastern District of California

FILED
Feb 13, 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

In the Matter of the Search of
Data extracted from a Hewlett Packard Laptop Model: Pavilion, Serial #: 5cd210l0g8; Amazon Kindle, Model Fire GUID: 6dc9ffe8-b262-4ce9-9fc2-aeec12ff2440; Samsung Model: Sm-t110, Serial #: rf2f4059xnx; and Apple iPhone 13: GUID: be043d62-5a4f-4488-8931-fff286fc3dac seized from Ira Waltrip by EDCA U.S. Probation Officers on 12/3/2022, currently Located at U.S. Probation, Eastern District of California at 501 I Street, Sacramento CA 95814

Case No. 2:23-sw-0139 CKD

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the Eastern District of California, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 2252(a)(2), (a)(4)(B) and 2252A(a)(5)(B). | Receipt, Distrib., Possess. of Visual Depictions of Children Engaging in Sexually Explicit Conduct |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☑ Continued on the attached sheet.

☐ Delayed notice ______ days (give exact ending date if more than 30 days: ____________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/
*Applicant's signature*

Christie Hirota, FBI Task Force Officer
*Printed name and title*

Sworn before me and signed telephonically pursuant to Rule 4.1.

Date: February 13, 2023 at 12:00 pm

[signature]
*Judge's signature*

City and state: Sacramento, California

Carolyn K. Delaney, U.S. Magistrate Judge

| | |
|---|---|
| 1 | PHILLIP A. TALBERT |
|   | United States Attorney |
| 2 | CHRISTINA McCALL |
|   | Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100 |
|   | Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700 |
|   | Facsimile: (916) 554-2900 |

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| In the Matter of the Search of: | CASE NO. |
|---|---|
| Data extracted from a Hewlett Packard Laptop Model: Pavilion, Serial #: 5cd210l0g8; Amazon Kindle, Model Fire GUID: 6dc9ffe8-b262-4ce9-9fc2-aeec12ff2440; Samsung Model: Sm-t110, Serial #: rf2f4059xnx; and Apple iPhone 13: GUID: be043d62-5a4f-4488-8931-fff286fc3dac seized from Ira Waltrip by EDCA U.S. Probation Officers on 12/3/2022, currently located at U.S. Probation, Eastern District of California at 501 I Street, Sacramento CA 95814 | AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH DATA EXTRACTED FROM SEIZED DIGITAL DEVICES AND SEIZED DEVICES |

I, Christie Hirota, a Detective with Sacramento County Sheriff's Office ("SSO") and Task Force Officer ("TFO") with the Federal Bureau of Investigations ("FBI"), Violent Crimes Against Children ("VCAC") Sacrament Office, California, being first duly sworn, depose and state as follows:

### I. INTRODUCTION AND AGENT BACKGROUND

I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—data extracted from one seized electronic device and (3) seized electronic devices from Ira Waltrip (described more thoroughly in Attachment A)— which is currently in the custody of United States Probation Office, Eastern District of

AFFIDAVIT                                               1

California, for items described in Attachment B, namely evidence of visual depictions of children engaged in sexually explicit conduct.

1. I am a Deputy Sheriff for the Sacramento Sheriff's Office ("SSO") since January 13, 2002 as well duly sworn as a Special Deputy U.S. Marshal of the United States Department of Justice ("DOJ") since September of 2013.  I have served as a Detective since February 10, 2013 and I am presently assigned to the Sacramento Valley Internet Crimes Against Children Task Force ("SVHTCTF") / Internet Crimes Against Children ("ICAC") where my primary duty is to investigate individuals involved in the online exploitation of minors including violations of Title 18, U.S.C. §§ 2251, and 2252.  While employed by SSO, I have investigated state criminal violations related to child exploitation and child pornography.

2. I am a graduate of the Sacramento Regional Public Safety Center Basic Recruit Academy since December 2000 and have received basic and on-the-job training in the investigation of cases involving the sexual exploitation of children and the use of the Internet and computers generally to transmit child pornography.  In the course of my employment, I have served or assisted in serving search warrants; seized items of computer equipment and digital evidence; and I have participated in several investigations involving computer forensics, including investigations related to child sexual abuse material ("CSAM"), also known as child pornography and exploitation.  I have received training in the area of CSAM and child exploitation but are not limited to The Robert Presley Institute of Criminal Investigations, Sexual Assault Investigations, Computer Data Recovery, Child Sexual Exploitation Investigations, Protecting Victims of Child Prostitution, Internet Crimes Against Children Investigative Techniques, Computer Crime/Internet Investigations, and Interview and Investigation techniques.

I have had the opportunity to observe and review numerous examples of CSAM (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. As a state law enforcement agent, I am authorized to investigate violations of state law and to execute warrants issued under the authority of the State of California.  I am also cross designated as a federal officer with the Federal Bureau of Investigation.  I am authorized to make probable cause arrests without a warrant for violations of United States law.  I am authorized to serve search and arrest warrants issued under the authority of the United States.

3.     This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. I have reviewed all of the materials submitted to me prior to making this statement.

## II.     SUMMARY OF PROBABLE CAUSE

On or about January 25, 2023, AUSA Christina McCall contacted me, asking me to help investigate Ira Leslie Waltrip for recent alleged violations of federal criminal laws relating to visual depictions of children engaging in sexually explicit conduct. Waltrip had been previously convicted of Possession of Child Pornography in the Eastern District of Virginia ("EDVA"), and while on Supervised Release, in Sacramento County on December 3, 2022, was again found to be in possession of visual depictions of children engaging in sexually explicit conduct, believed to be classifiable as child sexual abuse material ("CSAM"), also known as child pornography, as defined in 18 U.S.C. § 2256. I agreed to help investigate Waltrip and I have been provided with some of the background information that is the basis for this warrant. I was not involved with Waltrip's prior case, but have been provided with some documents from PACER in EDCA & EDVA, a summary forensic update prepared by a U.S. Probation Officer in Utah, an email message from U.S. Probation Officer Miriam Oldea summarizing the seizure of Waltrip's devices, and one and a half pages of notes from Waltrip's prior Presentence Report prepared by AUSA McCall. I have also spoken with USPO Lisa Hage. Therefore, the information in this affidavit does not reflect my personal investigation to date, but reflects a summary of information I have obtained about Waltrip.

## III.     STATEMENT OF PROBABLE CAUSE

### A.     Initial Criminal Investigation

The information in this section is quoted from the Statement of Facts, EDVA case 1:08cr283-TSE, ECF No. 19.

In April 2008, Ira Leslie Waltrip was a civilian contract employee working in Iraq in support of the Armed Forces serving in Iraq. Mr. Waltrip had signed a contract with Department of Defense contractor, Kellogg, Brown and Root (KBR). His December 7, 2006 contract assigned Mr. Waltrip to Services Employees International, Inc. as a TTM Bus Driver in Iraq, U.S. Army Central Command Area of Operations. He was issued a Letter of Authorization (LOA) by KBR on or around December 7, 2006

AFFIDAVIT                                             3

identifying him as support to the U.S. Army's LOGCAP contract "in support of Operation Iraqi Freedom" and "providing direct support to U.S. Forces." The LOA placed Mr. Waltrip "under the administrative control of the designated Army Field Support Brigade (AFSB) and/or the Army Material Command (AMC) Forward Commander."

Mr. Waltrip entered the Iraq Theater of Operations after December 7, 2006. Mr. Waltrip was assigned around Camp Liberty, Baghdad, Iraq in the Multinational Division – Baghdad (MND-B) Area of Operations (AO) and began working with a KBR labor force in support of Armed Forces.

In early April 2008, Ira Leslie Waltrip loaned a container of CD-ROM and DVD-ROM disks to a fellow contract employee before departing Iraq on leave. Subsequently, the employee discovered apparent child pornography images on one of the CD-ROM disks provided by Waltrip. The employee described the images to KBR investigators at Camp Liberty, Iraq, who conducted a search of Mr. Waltrip's personal living area in Camp Liberty, Iraq on or about April 16, 2008, and seized a laptop computer, several external hard drives, and CD's and DVD's as evidence. One of the investigators conducted an examination of several of the CD's he believed could contain child pornography, and located multiple photographs of Caucasian females, about 10 years old, posing and performing various sex acts. KBR security investigators provided the seized evidence to Army CID agents for further investigation of the suspected criminal offense.

On or about April 19, 2008, Mr. Waltrip agreed to be interviewed by Army CID Special Agent (SA) Wines and initialed a written statement. Mr. Waltrip signed and initialed a "RIGHTS WARNING PROCEDURE/WAIVER CERTIFICATE," which provided a written version of his constitutional rights regarding questioning by CID. The document was also signed by SA Wines. In his statement to SA Wines, Mr. Waltrip admitted between 2000 and 2004, while in the U.S., using his personal laptop computer and the peer-to-peer file sharing program LimeWire to download numerous images and videos of what he knew to be child pornography. Mr. Waltrip admitted to possessing images and video containing what he knew to be child pornography on his 750GB external hard drive that he possessed at Camp Liberty in Iraq.

Mr. Waltrip was subsequently arrested for possession of child pornography and was taken on a commercial airline flight from Kuwait on or around April 30, 2008. Mr. Waltrip traveled through the

Washington Dulles International Airport located in Dulles, Virginia to the Austin-Bergstrom International Airport located in Austin, Texas. Mr. Waltrip had a temporary layover on or around May 1, 2008 at the Washington Dulles International Airport pending his connecting flight to Austin-Bergstrom International Airport. Mr. Waltrip cleared Customs and entered the United States at Washington Dulles International Airport, in the Eastern District of Virginia on May 1, 2008.

SA Wines submitted all the seized electronic evidence in this case to the Army's forensic lab in Camp Victory, Baghdad, Iraq for evaluation and analysis. An Army computer forensics examiner conducted an examination of Waltrip's computer, external hard disk drives and CD-ROM and DVD-ROM disks and found numerous image and video files of children engaging in sexually explicit conduct. More than one of these files depict prepubescent children engaging in sexual activity or lasciviously displaying their genitalia. These computer files were sent to the National Center For Missing And Exploited Children (NCMEC) to determine if any of them depicted victims already identified by law enforcement. The NCMEC analysis determined that the submitted evidence depicted 297 image[s] from 17 known series were of identified minor victims. The minor victims depicted in movie files included "Helen," photographed engaging in sexually explicit conduct in the United Kingdom between five and nine years old, and "RCA," photographed in Georgia between four and six years old while engaging in sexually explicit conduct.

In all instances described above, the defendant, Ira Leslie Waltrip possessed child pornography knowingly and intentionally and not by accident or mistake while employed as a civilian contractor accompanying U.S. Armed Forces at Camp Liberty, Iraq.

**B.     Procedural History of Waltrip's Criminal Case in EDVA**

My review of the EDVA Docket report for case 1:08-cr-283-TSE forms the basis for this section of the affidavit. On May 7, 2008, a criminal complaint was filed against Ira Leslie Waltrip, for a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 3261(a)(1), possessing child pornography that had been transported in interstate or foreign commerce while working as a government contractor accompanying U.S. armed forces in Iraq. ECF Nos. 1 and 2. On May 12, 2008, Waltrip was arrested in the Western District of Texas. He was ordered detained. ECF No. 12. On July 22, 2008, Waltrip waived indictment (ECF No. 16), was arraigned on an Information, and entered a guilty plea to a violation of 18 U.S.C. §§

2252A(a)(5)(B) and 3261(a)(1).  ECF Nos. 16-19.  On October 10, 2008, Waltrip was sentenced to 41 months' imprisonment, followed by 10 years of Supervised Release.  ECF Nos. 25-26.

The docket reflects a very lengthy series of Supervised Release violations and related court proceedings, including revocations, between December 2, 2011 and July 30, 2018.  ECF Nos. 28-124. On March 13, 2022, Waltrip's Probation jurisdiction was transferred to the Eastern District of California.  ECF No. 125.

### C.     U.S. Probation's Seizure of Digital Devices on 12/3/2022

The information in this section comes from the Petition for Warrant for Person Under Supervision, EDCA ECF No. 3, information provided by EDCA United States Probation Officers ("USPO") Miriam Olea and Lisa Hage, and an Analysis Summary Report prepared by John S. Pyburn, Senior USPO from the District of Utah.

Waltrip's judgments from EDVA include the standard condition not to violate any laws, plus special conditions stating that he shall not possess any online computer services and he shall not have any access to or possess any pornographic material or pictures displaying nudity or any pictures of juveniles under the age of 18.  EDCA Case 2:22-cr-50-KJM, ECF 3.

On November 28, 2022, USPO Olea reviewed activity on Waltrip's monitored Samsung cell phone.  The report reflected that Waltrip had an Apple ID and searched how to log into an Apple device. He received a message indicating, "…a verification code has been sent to your other devices…"  On November 15, 2022, Waltrip received a call from "Ira Waltrip," from a number not contained in U.S. Probation files.  The contact photo was that of the supervisee.  U.S. Probation proceeded with a search of Waltrip's reported residence and vehicle in effort to locate any unauthorized devices.

On December 3, 2022, USPOs Lisa Hage, Shaheen Shan and Miriam Olea completed a search of Waltrip's residence.  At the time of the search, Waltrip was home, with his wife.  Six unauthorized devices were located by the USPOs that were not declared by Waltrip to his USPO.  Waltrip attempted to conceal all the confiscated devices with exception of the Samsung phone which was being monitored remotely.  A list of the seized devices is:

Item #1: HP Pavilion Laptop (password 2260) - Located in a closet near the entrance to the residence.  Contains CSAM, according to a review by USAPO Hage.  I seek permission to search the

1 data extraction from this item.

2 Item #2: Microsoft Linx Model Tablet (no password) – Located in recliner in the living room.
3 USPO was unable to image the Linx which appears to be broken, and the device was turned off when it
4 was seized.  [Note: I do not seek permission to search the data from this item].

5 Item #3: Amazon Kindle: Fire (password 2260) - Located in recliner in the living room.

6 Item #4: Samsung Model Sm-t110, Serial #: rf2f4059xnx, located in a purse in the master
7 bedroom.

8 Item #5: Consumer Cellular flip phone, GUID: 9f22976b-5022-455d-932b-3debd684a031-
9 Located in drawer on the bedside.  This appears to be Waltrip's prior cell phone.  USPO Olea planned to
10 do a manual search of Item #5; I do not know the results of that search.  [Note: I do not seek permission
11 to search the data from this item].

12 Item #6: Samsung Phone Model: SM-A136U, Serial #: r5ct6009tpl – Monitored phone on
13 [Waltrip's] person.  Other than having installed applications used to teach children, there was nothing of
14 significant evidentiary value found by USPO on Item #6.  [Note: I do not seek permission to search the
15 data from this item].

16 Item #7: Apple iPhone, GUID: be043d62-5a4f-4488-8931-fff286fc3dac - Located in recliner in
17 the living room; it was hidden on the side (passcode 112260, apple ID: Jeep@08jku).

18 Flash drive - Attached to HP laptop computer located in the closet. It was identified at the [U.S.
19 Probation] office, but subsequently determined to be a dongle, not a storage medium.  [Note: I do not
20 seek permission to search the data from this item].

21 On December 5, 2022, the seized devices were sent to the District of Utah's U.S. Probation
22 Cybercrime Lab for a forensic examination. On December 20, 2022, the forensic examiner wrote a 4-
23 page Analysis Summary Report and URL web history report, which I have reviewed. The summary
24 report provided preliminary details of the HP Laptop and iPhone.  The report notes the laptop contains
25 over 80,000 images/videos of sexually explicit conduct; some of the images/videos are possibly of
26 teenage female individuals. When USPO Hage reviewed the data extracted from Waltrip's HP Laptop,
27 she believed that there about 12 videos that constitute visual depictions of children engaging in sexually
28 explicit conduct.  USPO Hage contacted the U.S. Attorney's Office to inform them of her belief that

AFFIDAVIT                                               7

1  Waltrip had a new violation of federal law.

2      A preliminary analysis of the Apple iPhone taken from the recliner in Waltrip's living room,
3  showed that the TOR browser (which is used to anonymize identity and activity on the dark web) was
4  installed, and the phone had accessed hundreds of sexually explicit web pages. Some of those web
5  searches include: "Innocent teen girl fucked by psychologist; Hypnotized stepdaughters service horny
6  StepDads; step Daughter needs her diaper changed and father fucks her while changing it; Lascivious
7  uncle is so big and fucks little girl."

8      While the United States Probation Office, Eastern District of California might already have all
9  necessary authority to examine the Data from ITEM #1 and three electronic seized devices, I seek
10 permission to search, I seek this additional warrant out of an abundance of caution to be certain that an
11 examination of the Data from the seized devices will comply with the Fourth Amendment and other
12 applicable laws.

13     The data extraction from ITEM #1 and three electronic seized devices, I seek permission to
14 search is currently in storage at U.S. Probation, Eastern District of California at 501 I Street, Sacramento
15 CA 95814 In my training and experience, I know that the seized devices and the data extracted from
16 them have been stored in a manner in which their contents are, to the extent material to this
17 investigation, in substantially the same state as they were when the seized devices first came into the
18 possession of the United States Probation Office, Eastern District of California at 501 I Street,
19 Sacramento CA 95814, 2nd floor in a locked locker labeled "Evidence."

20     **IV.    ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

21     Based on my knowledge, training, and experience, I know that electronic devices can store
22 information for long periods of time. Similarly, things that have been viewed via the Internet are
23 typically stored for some period of time on the device. This information can sometimes be recovered
24 with forensics tools.

25     There is probable cause to believe that things that were once stored on the seized HP laptop
26 computer may still be stored there, for at least the following reasons:

27     a)    Based on my knowledge, training, and experience, I know that computer files or
28         remnants of such files can be recovered months or even years after they have been

AFFIDAVIT      8

downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b) Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space-that is, in space on the storage medium that is not currently being used by an active file-for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c) Wholly apart from user-generated files, computer storage media-in particular, computers' internal hard drives-contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d) Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the devices were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the data extracted from the seized device because:

e) Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). For the seized laptop

Affidavit 9

computer, virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

f) Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

g) A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

h) The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

i) Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

Manner of execution. Because this warrant seeks only permission to examine data extracted from seized devices already in the U.S. Probation Office's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## V. CONCLUSION

I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Data extracted from the seized devices described in Attachment A to search for the items described in Attachment B.

Respectfully submitted,

/s/
Christie Hirota
Task Force Officer, Federal Bureau of Investigation
United States Probation Office, Eastern District of California

Subscribed and sworn to
telephonically, under Rule 4.1, on:   February 13, 2023

*Carolyn K. Delaney* (signature)

The Honorable Carolyn K. Delaney
UNITED STATES MAGISTRATE JUDGE

/s/ Christina McCall
Approved as to form by AUSA CHRISTINA McCALL

**ATTACHMENT A**

 The property to be searched is Data extracted from a Hewlett Packard Laptop Model: Pavilion, Serial #: 5cd210l0g8; Amazon Kindle, Model Fire GUID: 6dc9ffe8-b262-4ce9-9fc2-aeec12ff2440; Samsung Model: Sm-t110, Serial #: rf2f4059xnx; and Apple iPhone 13: GUID: be043d62-5a4f-4488-8931-fff286fc3dac seized from Ira Waltrip by EDCA U.S. Probation Officers on 12/3/2022, hereinafter the "Data." The seized devices and the Data extracted from them are currently located at U.S. Probation, Eastern District of California at 501 I Street, Sacramento CA 95814

 The Device whose data extractions I seek to search:

 Item #1: Hewlett Packard Laptop Model: Pavilion, Serial #: 5cd210l0g8

 List of the 3 seized electronic Devices I seek to search:

 Item #3: Amazon Kindle, Model Fire GUID: 6dc9ffe8-b262-4ce9-9fc2-aeec12ff2440

 Item #4: Samsung Model: Sm-t110, Serial #: rf2f4059xnx

 Item #7: Apple iPhone 13: GUID: be043d62-5a4f-4488-8931-fff286fc3dac

 This warrant authorizes the forensic examination of the Data extracted from ITEM #1 and the three electronic devices seized from Ira Waltrip for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.  All records on the Data extracted from a Hewlett Packard Laptop Model: Pavilion, Serial #: 5cd210l0g8; Amazon Kindle, Model Fire GUID: 6dc9ffe8-b262-4ce9-9fc2-aeec12ff2440; Samsung Model: Sm-t110, Serial #: rf2f4059xnx; and Apple iPhone 13: GUID: be043d62-5a4f-4488-8931-fff286fc3dac seized from Ira Waltrip by EDCA U.S. Probation Officers on 12/3/2022 described in Attachment A that are contraband, and evidence of one or more of the following violations in the Eastern District of California and possibly elsewhere: 18 U.S.C. §§ 2252(a)(2), 2252(a)(4)(B) and 2252A(a)(5)(B). The records to be seized include evidence and user attribution for Ira Waltrip since June 28, 2018 (the date of Waltrip's prior petition alleging a violation of Supervised Release by unauthorized use of a computer), including:

   a. user attribution data, i.e., evidence of who used, owned, or controlled the DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b. evidence of software that would allow others to control the DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software; types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c. evidence of the lack of such malicious software;

   d. evidence indicating how and when the DEVICE was accessed or used to determine the chronological context of DEVICE access, use, and events relating to crime under investigation and to the DEVICE's user;

   e. evidence indicating how and when the DEVICE was accessed or used to determine the chronological context of DEVICE access, use, and events relating to crime under investigation and to the DEVICE's user;

   f. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

   g. evidence indicating how and when the DEVICE was accessed or used to determine the chronological context of DEVICE access, use, and events relating to crime(s) under investigation and to the DEVICE's user;

   h. evidence indicating how and when the DEVICE was accessed or used to determine the chronological context of DEVICE access, use, and events relating to crime(s) under investigation and to the DEVICE's user;

      i. evidence indicating how and when the DEVICE was accessed or used to determine the chronological context of DEVICE access, use, and events relating to crime(s) under investigation and to the DEVICE's user;

      j. evidence indicating how and when the DEVICE was accessed or used to determine the chronological context of DEVICE access, use, and events relating to crime under investigation and to the DEVICE's user;

      k. contextual information necessary to understand the evidence described in this attachment.

2. Any material in any format and media, depicting child pornography, any sexual conduct regardless of whether it is between adult(s) and children, or between children, child erotica; any images, visual recording, digital imagery, sketches, drawings, or other media depicting or portraying lewd or lascivious exhibition of children's genitalia; sexually suggestive poses involving children; or any type of sexually explicit conduct involving children, as defined in Title 18, United States Code, Section 2256(8).

3. Images and videos of children in non-sexually explicit poses or scenes, located in electronic, digital, or printed formats, which are necessary for comparison purposes of any visual depiction of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

4. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to state, local and federal law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

AO 93  (Rev. 11/13) Search and Seizure Warrant

UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br>Data extracted from a Hewlett Packard Laptop Model: Pavilion, Serial #: 5cd210l0g8; Amazon Kindle, Model Fire GUID: 6dc9ffe8-b262-4ce9-9fc2-aeec12ff2440; Samsung Model: Sm-t110, Serial #: rf2f4059xnx; and Apple iPhone 13: GUID: be043d62-5a4f-4488-8931-fff286fc3dac seized from Ira Waltrip by EDCA U.S. Probation Officers on 12/3/2022, currently located at U.S. Probation, Eastern District of California at 501 I Street, Sacramento CA 95814 | Case No.  2:23-sw-0139 CKD |

**SEARCH AND SEIZURE WARRANT**

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Eastern     District of     California
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before   February 27, 2023   *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: any authorized U.S. Magistrate Judge in the Eastern District of California.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of ____ .

Date and time issued:  February 13, 2023 at 12;00 pm            *Judge's signature* (Carolyn K. Delaney)

City and state:   Sacramento, California            Carolyn K. Delaney, U.S. Magistrate Judge

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||
| **Certification** |||
| I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.<br><br>_____<br>Subscribed, sworn to, and returned before me this date.<br><br><br>_____    _____<br>         Signature of Judge                                                                                 Date |||

**ATTACHMENT A**

    The property to be searched is Data extracted from a Hewlett Packard Laptop Model: Pavilion, Serial #: 5cd210l0g8; Amazon Kindle, Model Fire GUID: 6dc9ffe8-b262-4ce9-9fc2-aeec12ff2440; Samsung Model: Sm-t110, Serial #: rf2f4059xnx; and Apple iPhone 13: GUID: be043d62-5a4f-4488-8931-fff286fc3dac seized from Ira Waltrip by EDCA U.S. Probation Officers on 12/3/2022, hereinafter the "Data." The seized devices and the Data extracted from them are currently located at U.S. Probation, Eastern District of California at 501 I Street, Sacramento CA 95814

    The Device whose data extractions I seek to search:

    Item #1: Hewlett Packard Laptop Model: Pavilion, Serial #: 5cd210l0g8

    List of the 3 seized electronic Devices I seek to search:

    Item #3: Amazon Kindle, Model Fire GUID: 6dc9ffe8-b262-4ce9-9fc2-aeec12ff2440

    Item #4: Samsung Model: Sm-t110, Serial #: rf2f4059xnx

    Item #7: Apple iPhone 13: GUID: be043d62-5a4f-4488-8931-fff286fc3dac

    This warrant authorizes the forensic examination of the Data extracted from ITEM #1 and the three electronic devices seized from Ira Waltrip for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.  All records on the Data extracted from a Hewlett Packard Laptop Model: Pavilion, Serial #: 5cd210l0g8; Amazon Kindle, Model Fire GUID: 6dc9ffe8-b262-4ce9-9fc2-aeec12ff2440; Samsung Model: Sm-t110, Serial #: rf2f4059xnx; and Apple iPhone 13: GUID: be043d62-5a4f-4488-8931-fff286fc3dac seized from Ira Waltrip by EDCA U.S. Probation Officers on 12/3/2022 described in Attachment A that are contraband, and evidence of one or more of the following violations in the Eastern District of California and possibly elsewhere: 18 U.S.C. §§ 2252(a)(2), 2252(a)(4)(B) and 2252A(a)(5)(B). The records to be seized include evidence and user attribution for Ira Waltrip since June 28, 2018 (the date of Waltrip's prior petition alleging a violation of Supervised Release by unauthorized use of a computer), including:

    a. user attribution data, i.e., evidence of who used, owned, or controlled the DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software; types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    c. evidence of the lack of such malicious software;

    d. evidence indicating how and when the DEVICE was accessed or used to determine the chronological context of DEVICE access, use, and events relating to crime under investigation and to the DEVICE's user;

    e. evidence indicating how and when the DEVICE was accessed or used to determine the chronological context of DEVICE access, use, and events relating to crime under investigation and to the DEVICE's user;

    f. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

    g. evidence indicating how and when the DEVICE was accessed or used to determine the chronological context of DEVICE access, use, and events relating to crime(s) under investigation and to the DEVICE's user;

    h. evidence indicating how and when the DEVICE was accessed or used to determine the chronological context of DEVICE access, use, and events relating to crime(s) under investigation and to the DEVICE's user;

    i. evidence indicating how and when the DEVICE was accessed or used to determine the chronological context of DEVICE access, use, and events relating to crime(s) under investigation and to the DEVICE's user;

    j. evidence indicating how and when the DEVICE was accessed or used to determine the chronological context of DEVICE access, use, and events relating to crime under investigation and to the DEVICE's user;

    k. contextual information necessary to understand the evidence described in this attachment.

2. Any material in any format and media, depicting child pornography, any sexual conduct regardless of whether it is between adult(s) and children, or between children, child erotica; any images, visual recording, digital imagery, sketches, drawings, or other media depicting or portraying lewd or lascivious exhibition of children's genitalia; sexually suggestive poses involving children; or any type of sexually explicit conduct involving children, as defined in Title 18, United States Code, Section 2256(8).

3. Images and videos of children in non-sexually explicit poses or scenes, located in electronic, digital, or printed formats, which are necessary for comparison purposes of any visual depiction of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

4. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to state, local and federal law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.